U.S. COURTS

AUG 31 2009

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

CYNTHIA J. WOOLLEY, ISB No. 6018
cynthia@ketchumidaholaw.com
LAW OFFICES OF CYNTHIA J. WOOLLEY, PLLC
P.O. BOX 6999
180 First St. West, Suite 107
Ketchum, ID 83340
(208) 725-5356
Fax: (208) 725-5569

Attorney for Dawn Sapien, Plaintiff in Forma Pauperis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAWN SAPIEN,<br><br>       **Plaintiff,**<br><br>vs.<br><br>**MINIDOKA COUNTY; KRISTY RASMUSSON, EMILY MACDONALD, and Does 1-50,**<br><br>       **Defendants.** | Case No.: 09-0417-CV BLW<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

Plaintiff, Dawn Sapien, by and through her attorney Cynthia J. Woolley of the

Law Offices of Cynthia J. Woolley, PLLC, for her Complaint against the Defendants,

complains and alleges as follows:

COMPLAINT -1

## PARTIES

1. Plaintiff is an individual residing in Minidoka County, Idaho.

2. Defendant Minidoka County is a political subdivision of the State of Idaho with its principal offices located at 715 G Street, Rupert, County of Minidoka, State of Idaho, and is actually the governing body of Minidoka County.

3. Defendant Kristy Rasmusson is an individual residing in Cassia County, Idaho.

4. Defendant Emily MacDonald is an individual residing, on information and belief in Minidoka County.

5. Plaintiff is unaware of the true names and capacities, whether individual or otherwise, of Defendant DOES 1 through 25, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that these DOE Defendants, and each of them, are in some manner responsible and liable for the acts and/or damages alleged in this Complaint. Plaintiff will amend this Complaint to allege the DOE Defendants' true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

6. This is an action for injunctive relief and damages arising under the violation of the Fair Labor Standards Act and pendent state claims.

7. This Court has subject matter jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over the state causes of action pursuant to the doctrine of pendent jurisdiction because each of these claims arises out of the same facts and actions ad the federal claims. Supplemental jurisdiction over Plaintiff's additional claims exists pursuant to 28 U.S.C. § 1367(a).

COMPLAINT -2

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the causes of action alleged in this Complaint arise out of Defendants' activities in Minidoka County and Cassia County, Idaho which are within this district.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 210-219
(Against Minidoka County)

9. Plaintiff repeats the allegations set forth above in paragraphs 1 through 8, incorporates them herein by reference, and alleges as follows:

10. Defendant Minidoka County is an employer covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

11. As an employee for Minidoka County, Plaintiff frequently worked in excess of the maximum weekly hours permitted under the FLSA but was not paid for those excess hours because she was erroneously classified as an exempt employee.

12. Plaintiff's job duties do not qualify her for any exemption from the overtime obligations imposed by the FLSA.

13. Throughout Plaintiff's employment, Defendant Minidoka County has known that despite the job title of "Probation Officer," the actual duties and responsibilities performed by Plaintiff are primarily the type of duties performed by non-exempt employees. Defendant Minidoka County has also known that it is required to pay overtime to Plaintiff. In spite of such knowledge, Minidoka County has willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

14. Pursuant to the FLSA, Plaintiff is entitled to compensation for the unpaid overtime at a rate of 1 ½ times their hourly wage. Because the Defendant's failure to pay overtime was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to unpaid overtime dating back three years.

15. The exact amount of overtime compensation Defendant Minidoka County has paid to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

16. The FLSA requires employers to make, keep, and preserve records of the wages, hours and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review her records of hours worked to determine the exact amount of overtime owed by Defendant Minidoka County.

17. Defendant Minidoka County's failure to pay Plaintiff at the lawful overtime rate is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount equal to the overtime compensation which she has not been paid.

18. Plaintiff has been required to file this action as the result of Defendant Minidoka County's actions in failing to pay her overtime compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay Wages Due and Owing, Idaho Code §§ 45-601 – 45-621**

**(Against Minidoka County)**

19. Plaintiff repeats the allegations set forth above in paragraphs 1 through 18, incorporates them herein by reference, and alleges as follows:

20. Minidoka County owes Plaintiff for unpaid overtime as set forth in the First Cause of Action herein as well as for payment for 15 minutes for each call made while she was on-call.

21. Minidoka County has failed to pay wages due and owing and should be required to pay Plaintiff three times the amount due and owing.

COMPLAINT -4

## THIRD CAUSE OF ACTION
## Defamation

### (Against Kristy Rasmusson and Emily MacDonald)

22. Plaintiff repeats the allegations set forth above in paragraphs 1 through 21, incorporates them herein by reference, and alleges as follows:

23. The January 7, 2009 statement by Kristy Rasmusson is defamatory because she published false statements to Trent Bodily, Director of the Juvenile Detention Center that Plaintiff was consuming alcohol and having sex in her office, that plaintiff had had sex in the courtroom, and that Plaintiff made false statements about co-workers using meth and alcohol. This language exposed plaintiff to hatred, contempt, ridicule, and obloquy.

24. The publication was understood by Trent Bodily it in a way which defamed plaintiff's reputation and caused him to write a defamatory letter reporting what Kristy Rasmusson had said.

25. The January 20, 2009 letter written by Trent Bodily is defamatory because the statements he made about Plaintiff were false and would expose her to hatred, contempt, ridicule, and obloquy. Bodily published the letter to Judge Duff, Sheriff Halverson, and Dixie Tate.

26. Emily MacDonald made a false and defamatory statement about Plaintiff when she orally said to Dixie Tate, Plaintiff's supervisor, that Plaintiff had called MacDonald's son and talked to him about getting in trouble and the terms and procedures of juvenile probation. Plaintiff had talked to MacDonald's son about his obscene phone call to Plaintiff's son and did not talk to him about juvenile probation or in the capacity as a probation officer.

27. The above-mentioned statements were false and defamatory. Such statements were made willfully, wantonly and maliciously in order to injure plaintiff in plaintiff's work and occupation.

28. As a proximate result of the publication, plaintiff has lost her job and has been unable to obtain other comparable employment.

29. These statements have held plaintiff up to public scorn and ridicule.

30. These statements were made by defendants maliciously or with knowledge of their falsity, or when such defendants should have known that they were false.

31. Plaintiff's former excellent employment record has now been ruined due to plaintiff's inability to obtain employment, the cause of which is solely the false and slanderous statements made by defendants.

32. As a direct and proximate result of the slander committed by defendants, plaintiff has sustained special damages in the amount of lost wages to date, the exact amount of which is not now known, but which will be established at the time of trial.

33. In addition, as a direct and proximate result of the slander committed by defendants, plaintiff has suffered extreme humiliation and embarrassment for which plaintiff is entitled to recover general damages, the exact amount which is not now known but will be established at the time of trial.

34. Because of such defamation, plaintiff has been injured in plaintiff's good name and reputation. Plaintiff has been damaged in her occupation, in her good standing within the community, and in the high regard, respect, confidence and esteem that plaintiff had previously enjoyed among people in general, all to plaintiff's damage.

35. Wherefore, plaintiffs request judgment against defendants for damages according to proof, costs of suit and such other and further relief as this court may deem just and proper.

## FOURTH CAUSE OF ACTION

### Tortious Interference with Employment Contract

### (Against Kristy Rasmusson and Emily MacDonald)

36. Plaintiff repeats the allegations set forth above in paragraphs 1 through 35, incorporates them herein by reference, and alleges as follows:

37. Kristy Rasmusson and Emily MacDonald knew of Plaintiff's employment contract with Minidoka County.

38. Rasmusson intentionally and with malice made false statements to Trent Bodily for the purpose of interfering with Plaintiff's employment contract with Minidoka County.

39. MacDonald intentionally and with malice made false statements to Dixie Tate for the purpose of interfering with Plaintiff's employment contract with Minidoka County.

40. Minidoka County terminated Plaintiff's employment as a proximate result of Rasmusson's statements to Trent Bodily and MacDonald's statements to Dixie Tate.

41. Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Violation of Idaho Protection of Public Employees Act, Idaho Code §§ 6-2101 – 6-2109

42. Plaintiff repeats the allegations set forth above in paragraphs 1 through 41, incorporates them herein by reference, and alleges as follows:

43. Plaintiff reported to Dixie Tate misuses and waste of County funds.

44. For example, among other things, Plaintiff reported that County employees were using County funds to purchase personal Christmas gift wrapping

COMPLAINT -7

supplies, County employees while on duty were spending substantial time on personal matters, and that a County employee consumed alcohol on duty and was so intoxicated while on duty to the point where he was unable to respond to a call.

45. As a proximate result of that report, Dixie Tate and Lance Stevenson terminated Plaintiff's employment with Minidoka County.

46. Plaintiff has been damaged in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

## INJUNCTIVE RELIEF

1. Grant a permanent injunction against the defendant Minidoka County, enjoining it from terminating Plaintiff's employment and requiring Minidoka County to reinstate Plaintiff to her prior position of Juvenile Probation Officer;

2. Grant a permanent injunction against the defendants, their officers, agents, successors employees, elected officials, attorneys, and other representatives and those in active service or otherwise, enjoining them from engaging in further unlawful employment practices of the kind alleged in this Complaint.

3. Order the defendant to make whole Plaintiff by reinstating her to her prior position of Juvenile Probation Officer, providing her with back pay equal to the amount she could reasonably have expected to earn in Defendant Minidoka County's employ but for the unlawful employment practices committed by defendant.

COMPLAINT -8

## DAMAGES

1. For an award of compensation for past pecuniary losses to Plaintiff, in amounts to be proven at trial.

2. For an award of compensation for future pecuniary losses to Plaintiff, in amounts to be proven at trial.

3. For an award of non-pecuniary losses to Plaintiff, including damages for emotional pain, stress, grief, anxiety, loss of self esteem, inconvenience, mental anguish, humiliation, stigma, and loss of enjoyment of life.

4. For punitive damages for defendants' malicious and/or reckless conduct, in an amount to be determined at trial.

## ATTORNEYS' FEES AND COSTS

For costs of suit and attorneys' fees.

## OTHER

1. For prejudgment and post judgment interest;
2. For any other relief that is just and proper.

Dated this 28th day of August, 2009.

LAW OFFICES OF CYNTHIA J. WOOLLEY, PLLC

_____
Cynthia J. Woolley
Attorney for Plaintiff

COMPLAINT -9

## **VERIFICATION**

STATE OF IDAHO                )
                              ) ss.
County of Blaine              )

DAWN SAPIEN, being first duly sworn, deposes and says:

That she is the Plaintiff herein; that she has read the foregoing Complaint, knows the contents thereof and that the facts therein stated are true to the best of her knowledge, information and belief.

_____
DAWN SAPIEN

SUBSCRIBED AND SWORN before me this 28TH day of August, 2009.

_____
NOTARY PUBLIC in and for the State of Idaho,
residing at Cary, Id, therein.
My Commission expires: 10/18/2013

COMPLAINT -10