IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAWN SAPIEN, <br><br> Plaintiff, <br><br> v. <br><br> MINIDOKA COUNTY; CASSIA COUNTY; DIXIE TATE; JACOBY MAY; BRETT WRIGHT; BROOKE RAY; JOANN NOBLE; TRENT BODILY; LANCE STEVENSON; KRISTY RASMUSSON; EMILY MACDONALD; and Does 1-50, <br><br> Defendants. | Case No. CV-09-417-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff's Application (Docket No. 2) to Proceed In Forma Pauperis. The Clerk of Court previously conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis. For the following reasons, the Court grants the Application (Docket No. 2).

**A. Application for In Forma Pauperis Status**

**Memorandum Decision & Order -- page 1**

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time. In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has requested in forma pauperis status. To determine whether a party should be allowed to proceed in forma pauperis under 28 U.S.C. § 1915, a court should review the overall financial situation of the applicant, including all of the assets and liabilities of the applicant. *See Zaun v. Dobbin*, 628 F.2d 990, 992-93 (7th Cir. 1980). In support of her request, Plaintiff filed an Affidavit in Support of Application to Proceed In Forma Pauperis (Affidavit). Docket No. 2-1. Plaintiff includes a statement, as required by 28 U.S.C. § 1915(a)(1), that she is "unable to pay the filing fee for this case or to give security for the fees." *Id.* Plaintiff notes that, since losing her job with Minidoka County, she has been unable to find other employment. *Id.* Based upon Plaintiff's current financial condition, the Court finds it appropriate to grant Plaintiff's Application to Proceed in Forma Pauperis, which allows Plaintiff to pay the filing fee over time.

B.  **Plaintiff's Complaint**

The Court is required to screen complaints brought by litigants who are

granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See id.* If the complaint can be saved by amendment, the plaintiff should be provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff asserts causes of action under the Fair Labor Standards Act, and for failure to pay overtime wages, defamation, tortious interference with employment contract, violation of the Idaho Protection of Public Employees Act, intentional and negligent infliction of emotional distress, and negligent supervision. None of these claims appears to be frivolous or malicious, nor is it apparent that any Defendants are immune from the relief sought by Plaintiff.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). A complaint examined under Rule 12(b)(6), regarding whether relief can be granted, "does not need detailed factual allegations." *Id.* However, the complaint must set forth "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* A court must accept as true, all factual allegations, but not legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To survive dismissal, a complaint must contain sufficient factual matter, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949. In this case, Plaintiff's factual allegations appear sufficient to support her claims on this initial review. *Amended Complaint* (Docket No. 3).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Application to Proceed in Forma Pauperis (Docket No. 2) is GRANTED. Plaintiff shall pay $10.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee of $350.00 is paid in full. Failure to pay the filing fee may result in dismissal of this case without further notice.



DATED: **January 22, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order -- page 5**