IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAWN SAPIEN,<br><br>     Plaintiff,<br><br>     v.<br><br>MINIDOKA COUNTY, CASSIA COUNTY, DIXIE TATE, JACOBY MAY, BRETT WHITE, BROOKE RAY, JOANN NOBLE, TRENT BODILY, LANCE STEVENSON, KRISTY RASMUSSEN, EMILY MACDONALD, and Does 1-50,<br><br>     Defendants. | Case No.  CV 09-417-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff's Amended Motion to Stay (Docket No. 22) and Motion to Strike filed in her Reply (Docket No. 25).  The Amended Motion to Stay is fully briefed and at issue.  For the following reasons the motion is granted, which renders the Motion to Strike moot.

## BACKGROUND

Plaintiff filed suit against Defendants stating claims under the Fair labor Standards Act, the Idaho Wage Claim Act, and the Protection of Public Employees Act, and for defamation, tortious interference, infliction of emotional distress, and negligent supervision.  *Amended Complaint* (Docket No. 3).  Prior to filing this

**Memorandum Decision & Order - 1**

suit, Plaintiff filed a charge of discrimination with the Idaho Human Rights

Commission (IHRC) and the Equal Employment Opportunity Commission

(EEOC), against Defendant Minidoka County, alleging disability discrimination.

*Amended Motion* (Docket No. 22) at 2.  The IHRC and EEOC are now

investigating the discrimination charge.  When administrative proceedings are

completed and Plaintiff receives a notice of right to sue, Plaintiff intends to amend

her Complaint to include employment discrimination claims.  Plaintiff now seeks

to stay this suit pending proceedings before the IHRC.  Defendants object.

## ANALYSIS

The Americans with Disabilities Act provides that the procedures set forth

under Title VII of the Civil Rights Act apply to disability discrimination claims.

42 U.S.C. § 12117.  Under these procedures, on the filing of a discrimination

charge, the EEOC shall serve notice on the employer, and conduct an investigation.

42 U.S.C. § 2000e-5(b).  If the EEOC determines there is reasonable cause to

believe that the charge is true, the EEOC shall attempt informal conciliation to

eliminate the alleged unlawful employment practices.  *Id.*  Where attempts at

conciliation fail, the EEOC or Attorney General may bring a civil action.  42

U.S.C. § 2000e-5(f)(1).  If the EEOC determines there is not reasonable cause to

believe the charge is true, it shall dismiss the charge.  *Id.*  Where the EEOC

**Memorandum Decision & Order - 2**

dismisses the charge or if, after 180 days, the EEOC has neither filed a civil action nor referred the charge to the Attorney General for filing, the EEOC shall issue a notice that the claimant has ninety days to file a civil action.  43 U.S.C. § 2000e-5(f)(1).  *See* 29 C.F.R. § 1601.28(e)(1); *see also Budreck v. Crocker Nat. Bank*, 407 F.Supp. 635, 646 (D.C. Cal. 1976).

IHRC administrative procedures mirror those of the EEOC.  *See* I.C. § 67-5907(3), (4).  A complainant may request dismissal of a complaint before the IHRC at any time.  I.C. § 67-5907(6).  The complainant has ninety days from a notice of administrative dismissal to file a civil action in court.  I.C. § 67-5908(2).

In this case, Plaintiff has filed a charge of disability discrimination with the IHRC and EEOC, but has yet to receive a notice of right to sue.  In Plaintiff's Amended Complaint, she alleges causes of action under the Protection of Public Employees Act, the Idaho Wage Claim Act, and the Fair Labor Standards Act.  As noted in Plaintiff's Motion, statutes of limitations apply to these claims.  I.C. § 6-2105(2)(under the Protection of Public Employees Act, claimant has 180 days from the occurrence of an alleged violation to bring a civil action); I.C. § 45-614 (under Idaho's Wage Claim Act, a claimant must commence an action within two years after a cause of action has accrued, or where wages have been paid but additional wages are claimed, six months from accrual); 29 U.S.C. § 255(a) (a civil action

**Memorandum Decision & Order - 3**

under the Fair Labor Standards Act must be commenced within two years after the cause of action accrued).  Plaintiff here argues that, had she waited for notice of the right to sue on her disability discrimination claim before filing this action, she risked being time-barred from raising her other claims.  *Amended Motion* (Docket No. 22) at 6-7.

The Ninth Circuit has held that claimants were barred, under the doctrine of res judicata, from bringing Title VII claims where the claimants failed to either (1) secure right to sue letters before filing their civil action, or (2) pursue a stay from the district court pending resolution of the administrative proceedings before the EEOC.  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 715 (9th Cir. 2001).  Defendants here concede that, under *Owens*, Plaintiff would be barred from later pursuing an action for disability discrimination if this case proceeds to judgment.  *Opposition* (Docket No. 24) at 8.  Defendants reason that the stay should still be denied because Plaintiff has the option of dismissing her pending discrimination charge.  *Id.*  The Court is not persuaded that Plaintiff should be forced to forego administrative proceedings on her discrimination charge in order to avoid preclusion of the issue in a subsequent civil action.

Defendants offer no legal authority to support that a stay should be denied here.  Instead, Defendants argue that a stay would unnecessarily delay this matter

**Memorandum Decision & Order - 4**

as "it is improbable that the outcome of the IHRC proceeding will lead to an early resolution of this case." *Id.* at 6.  Although Defendant may be correct, the Court is unpersuaded that there is no value in allowing Plaintiff to pursue administrative proceedings – both because it may facilitate settlement of the case and because it may provide the Plaintiff with the possibility of involving federal or state authorities.  Either possibility points in the direction of a non-judicial and less expensive resolution of the dispute in this case.  Absent evidence that Defendants will suffer prejudice, and in light of the potential for preclusion of Plaintiff's discrimination claim, the Court finds that a stay is appropriate.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion (Docket No. 22) to Stay the matter shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike (Docket No. 25) is deemed MOOT.

IT IS FURTHER ORDERED that the matter will be stayed for 90 days from the date of this Order.  Counsel for Plaintiff may request a further stay at the end of that period if it appears that a decision by the IHRC is imminent.  Otherwise, the stay will end and active prosecution of the case by both parties will resume.

**Memorandum Decision & Order - 5**



DATED:  **March 14, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 6**